*HATTIE FORGY ET AL. V. THE CINCINNATI, HAMILTON & DAYTON R. R. CO.

NO APPEAL FROM ORDER MODIFYING INJUNCTION.

An appeal does not lie from an interlocutory order *modifying* an injunction.

STEWART, J.

This action was brought in the Court of Common Pleas to restrain the defendant from doing certain acts which, it is alleged, are very injurious to plaintiffs' health, and to their property ; and to their use and enjoyment of the same. The case is still pending in that court, but an appeal was taken by the plaintiff from the following interlocutory order :

"This cause came on this day to be heard on the motion of the defendant to dissolve the temporary restraining order heretofore issued in this cause, for the reasons set forth in said motion.  On consideration whereof, the court, being fully advised in the premises, doth order and adjudge that said restraining order be and the same is hereby dissolved, and held for naught, *except* as to the increase

---

*This case was affirmed by the Supreme Court without report, December 5, 1893.

in the height of said platform and as to the noxious and unwholesome smells. The defendant has leave to plead forthwith to the amended petition of plaintiffs. The plaintiffs gave notice of their intention to appeal from the order and judgment of this court, dissolving said restraining order to the circuit court of Miami county; and after good cause shown, the operation of the interlocutory order dissolving said restraining order is suspended for ten days to enable plaintiffs to perfect their said appeal; and the court doth fix the amount of the appeal bond at $300."

The first question presented for the consideration of this court is a question of jurisdiction; the jurisdiction of this court being challenged by the defendant.

The jurisdiction of this court is thus defined in section 6, article IV, of the constitution:

"The circuit court shall have like original jurisdiction with the Supreme Court, and such appellate jurisdiction as may be provided by law." If this court has any jurisdiction of this cause it is conceded it is appellate jurisdiction.

The legislature has provided what appellate jurisdiction this court shall have. R. S., sec. 5226, [82 O. L. 32], so far as it relates to the question here presented reads as follows: "In addition to the cases and matters specially provided for, an appeal may be taken to the circuit court by a party, or other person directly affected, * * * from an interlocutory order made by the common pleas court, or a judge thereof, dissolving an injunction, in a case of which it had original jurisdiction." But for this statute no appeal would lie from an interlocutory order dissolving an injunction. 2 High on Inj., sec. 1702. So that this statute is our guide in determining the question of jurisdiction.

Revised Statutes, section 5571, *et seq.*, provide for the granting of temporary injunctions and for their dissolution or modification.

Revised Statutes, section 5573, provides for granting an injunction "at the time of commencing the action or at any time before judgment;" and for its "vacation previous to trial of the action."

Revised Statutes, section 5584, provides: "Where an injunction has been granted, a party may, at any time before the trial, apply to the court in which the action is pending, or a judge thereof, to *vacate* or *modify* the same; the party applying for such *vacation* or *modification* shall give the adverse party," notice, etc.

Here is a clear distinction recognized in the statutes between *dissolution* or *vacation* and *modification*. It is also clear that Revised Statutes, section 5226, provides only for an appeal from an interlocutory order *dissolving* an injunction. Following, in this instance, the plain rules for the construction of statutes, it is apparent that the legislature used the word "dissolving" in its ordinary sense; and a difference being apparent from the reading of the statutes between "dissolving" and "modifying," we must conclude that where the term "dissolving" is used alone, that "modifying" was not intended to be included.

In the case of Gilliland v. Administrators of Sellers, 2 O. S., 223, the court say: "Although a court may acquire jurisdiction of parties by their consent, yet a court of special and limited jurisdiction, cannot as such court acquire jurisdiction of a subject-matter not conferred by the law of its creation." And in 2 O., 551: "When a remedy pursued is given by statute * * * it is necessary to follow the course which it prescribes in every material point. * * * However correct it may be to presume jurisdiction, in cases within the general jurisdiction of the court, yet where the jurisdiction is created by statute, and limited to particular cases, of which it could not take cognizance without the statute, the jurisdiction cannot be presumed. * * * The maxim, 'It is the part of a good judge to extend the jurisdiction,' does not apply to courts of limited jurisdiction, * * * much less to cases of which the jurisdiction is wholly dependent upon statutory provision."

This is a court of special and limited jurisdiction, and as its appellate jurisdiction is dependent upon the statute, to bring a cause within its appellate jur-

isdiction, it must come clearly and unmistakably within the provisions of the statute.

Upon examination of this interlocutory order appealed from, it clearly appears to be an order *modifying* the injunction. It is true it appears that the motion submitted to the court was to dissolve the injunction, yet the court instead of dissolving, modified it. The injunction is not dissolved; it still stands as modified; it is still within the control of the court below, and it may still further modify it or change its terms. The case is still pending there, and for this court to assume jurisdiction, when it is not clearly conferred, would result, as was well said by the Supreme Court of Missouri in the case of Tanner v. Irwin (1 Mo. R., 47), in "so carving up the case, that when the chancellor came to pronounce a final decree, the fragments of the case would be to collect, and the proceedings would be involved in endless perplexity."

It being clear then, that the order appealed from is not an interlocutory order *dissolving* an injunction, but *modifying* it, it follows that this court has no jurisdiction of the cause, and the appeal will be dismissed.

J. S. Forgy and H. H. Williams, for plaintiffs.

R. D. Marshall and Sullivan & Earnhart for defendant.